# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# HATTIESBURG DIVISION

**ROY WINFRED SIMPSON**     **PLAINTIFF**

**VERSUS**     **CIVIL ACTION NO. 2:08cv281KS-MTP**

**BALBOA INSURANCE COMPANY;**
**SELECT PORTFOLIO SERVICES, INC.; and**
**EAGLE ADJUSTING SERVICES, INC.**     **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the court on Motion for Summary Judgment **[#16]** filed on behalf of the defendant Balboa Insurance Company. The court, having reviewed the motion, the response, the briefs of counsel, the pleadings and exhibits on file and being otherwise fully advised in the premises finds that the motion is well taken and should be granted. The court specifically finds as follows, to-wit:

## FACTUAL BACKGROUND

The plaintiff's claim arises out of damages to his home in Hattiesburg, Mississippi, caused by Hurricane Katrina. At the time of the hurricane, the plaintiff owned his home subject to a mortgage owned by defendant Select Portfolio Services and secured by a deed of trust in favor of Select. The balance of the mortgage was $78,583.00 when the plaintiff suffered the Katrina loss.

Defendant Balboa Insurance Company had issued a property insurance policy on the plaintiff's property prior to Katrina. Select had purchased the Lenders Protection

Policy, a force-placed single-interest type policy, after the plaintiff failed to secure hazard insurance on the property, as was required in the mortgage instruments. The Policy listed only Select as a named insured and provided $108,000.00 in total coverage to the property. The Policy did not provide any coverage for loss of use, liability or personal property. It did provide that the plaintiff could become an additional insured as to any policy benefits payable which exceeded the mortgage interest of Select in the property.

On January 19, 2006, Select made a claim under the Policy for damages caused by Katrina to the plaintiff's property. The plaintiff had separately filed a claim under the Policy with Balboa on December 22, 2005, for $66,587.94 for alleged Katrina damages. Balboa hired Eagle Adjusting Services to review the claim and provide an estimate for Katrina damages to the plaintiff's home.

Ron Austin with Eagle adjusted the claim and determined that a substantial amount of the damage to the plaintiff's property was caused by normal wear and tear and poor maintenance. He ultimately determined that there were $16,476.80 in covered damages to the home of the plaintiff as a result of the hurricane. After making offsets for depreciation and the policy's $1000 deductible, Balboa sent a check for $12,847.28 to Select for covered damages.

The plaintiff alleges that he is entitled to the benefits of the policy and that the claim for Katrina damages was improperly adjusted. Specifically, the plaintiff asserts that Balboa was negligent in its duty to fully, fairly, and adequately investigate and adjust the plaintiff's claim; that Balboa breached its contract with the plaintiff as an additional named insured; that Balboa breached its duty of good faith and fair dealing

with the plaintiff; that Balboa acted in bad faith and tortious breach of contract and that Balboa engaged in fraudulent practices. Contending that the plaintiff is not a named insured under the Policy and thus without standing to pursue this action against it, defendant Balboa has moved for summary judgment.

## STANDARD OF REVIEW

The Federal Rules of Civil Procedure, Rule 56(c) authorizes summary judgment where "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corporation v. Catrett*, 477 U.S. 317, 322, 91 L.Ed.2d 265, 106 S.Ct. 2548 (1986). The existence of a material question of fact is itself a question of law that the district court is bound to consider before granting summary judgment. *John v. State of La. (Bd. of T. for State C. & U.)*, 757 F.2d 698, 712 (5th Cir. 1985).

A Judge's function at the summary judgment stage is not himself to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial. There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment is appropriate. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 91 L.Ed.2d 202, 106 S.Ct. 2505 (1986).

Although Rule 56 is peculiarly adapted to the disposition of legal questions, it is not limited to that role. *Professional Managers, Inc. v. Fawer, Brian, Hardy & Zatzkis*,

799 F.2d 218, 222 (5th Cir. 1986).  "The mere existence of a disputed factual issue, therefore, does not foreclose summary judgment.  The dispute must be genuine, and the facts must be material." *Id.*  "With regard to 'materiality', only those disputes over facts that might affect the outcome of the lawsuit under the governing substantive law will preclude summary judgment." *Phillips Oil Company v. OKC Corporation*, 812 F.2d 265, 272 (5th Cir. 1987).  Where "the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, . . . all other contested issues of fact are rendered immaterial. *See Celotex*, 477 U.S. at 323, 106 S.Ct at 2552." *Topalian v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1992).  In making its determinations of fact on a motion for summary judgment, the Court must view the evidence submitted by the parties in a light most favorable to the non-moving party. *McPherson v. Rankin*, 736 F.2d 175, 178 (5th Cir. 1984).

The moving party has the duty to demonstrate the lack of a genuine issue of material fact and the appropriateness of judgment as a matter of law to prevail on his motion. *Union Planters Nat. Leasing v. Woods*, 687 F.2d 117 (5th Cir. 1982).  The movant accomplishes this by informing the court of the basis of its motion, and by identifying portions of the record which highlight the absence of genuine factual issues. *Topalian*, 954 F.2d at 1131.

"Rule 56 contemplates a shifting burden:  the nonmovant is under no obligation to respond unless the movant discharges [its] initial burden of demonstrating [entitlement to summary judgment]." *John*, 757 F.2d at 708.  "Summary judgment cannot be supported solely on the ground that [plaintiff] failed to respond to defendants'

motion for summary judgment," even in light of a Local Rule of the court mandating such for failure to respond to an opposed motion. *Id.* at 709.

However, once a properly supported motion for summary judgment is presented, the nonmoving party must rebut with "significant probative" evidence. *Ferguson v. National Broadcasting Co., Inc.*, 584 F.2d 111, 114 (5th Cir. 1978). In other words, "the nonmoving litigant is required to bring forward 'significant probative evidence' demonstrating the existence of a triable issue of fact." *In Re Municipal Bond Reporting Antitrust Lit.*, 672 F.2d 436, 440 (5th Cir. 1982). To defend against a proper summary judgment motion, one may not rely on mere denial of material facts nor on unsworn allegations in the pleadings or arguments and assertions in briefs or legal memoranda. The nonmoving party's response, by affidavit or otherwise, must set forth specific facts showing that there is a genuine issue for trial. Rule 56(e), Fed.R.Civ.P. *See also, Union Planters Nat. Leasing v. Woods*, 687 F.2d at 119.

While generally "'[t]he burden to discover a genuine issue of fact is not on [the] court,' (*Topalian* 954 F.2d at 1137), 'Rule 56 does not distinguish between documents merely filed and those singled out by counsel for special attention-the court must consider both before granting a summary judgment.'" *John*, 757 F.2d at 712 (quoting *Keiser v. Coliseum Properties, Inc.*, 614 F.2d 406, 410 (5th Cir. 1980)).

## **ANALYSIS**

The policy at issue in this matter is a lender protection policy. The purpose of the policy is to protect the interest of a lender in a property upon which it holds a

mortgage interest when there is no other hazard insurance coverage on the encumbered property. This particular policy was purchased by Select after the plaintiff failed to obtain hazard insurance on his property as required by the mortgage instruments after having been duly notified of his obligation to do so by Select. Select is the only named insured on the Policy. It is a master policy which allows Select to insure its interests in various properties where there is no other coverage available. It contains provisions which state that no coverage is provided where other coverage exists on a particular property. It also contains a provision that in the event there is residual coverage over Select's interest in the property, then the borrower may become an additional insured as to the residual amount.

The plaintiff contends that he is a third-party beneficiary of the insurance contract between Select and Balboa. He does not deny that he is not a named insured, instead contending that he may become an "additional insured" under the terms of the policy. The Mississippi Supreme Court has outlined the elements of a successful third-party beneficiary claim:

> In order for the third person beneficiary to have a cause of action, the contracts between the original parties must have been entered into for his benefit, or at least such benefit must be the direct result of the performance within the contemplation of the parties as shown by its terms. There must have been a legal obligation or duty on the part of the promisee to such third person beneficiary. This obligation must have a legal duty which connects the beneficiary with the contract. In other words, the right (of action) of the third party beneficiary to maintain an action on the contract must spring from the terms of the contract itself. No right against the contract promisor or promisee is acquired by a "mere incidental beneficiary."

*Rein v. Benchmark Const. Co.*, 865 So.2d 1134, 1146 (Miss. 2004) (citing *Hanberry Corp. v. State Bld'g Comm'n*, 390 So.2d 277, 279 (Miss. 1980) and *Trammell v. State*,

622 So.2d 1257, 1260 (Miss. 1993)).

The defendant contends that the plaintiff is merely and incidental beneficiary under the Policy and then only if very specific conditions are met; i.e., if coverage in excess of the mortgage balance exists and a claim for damages exceeds that mortgage balance. The Mississippi Supreme Court has discussed the distinction between a third-party beneficiary and an incidental beneficiary on more than one occasion. For instance, in *Miss. High Sch. Activities Ass'n, Inc. v. Farris*, 501 So.2d 393 (Miss. 1987), a high school basketball team was placed on probation and prevented from competing in a tournament. Several of the team members filed suit seeking an injunction to prevent the MHSAA from placing the team on probation. The suit alleged that a contract existed with the school which prevented the MHSAA from levying sanctions against the team without notice. Contrary to the arguments pressed by the team members, the Mississippi Court held that the team members were incidental, rather than third-party beneficiaries of the contract and that the notice provision of the contract directly benefitted the school, not the team members. *Id.* at 396.

More recently, in *Rein v. Benchmark Const. Co.*, 865 So.2d 1134 (Miss. 2004), relatives of a nursing home resident brought suit when the elderly resident died after being attacked and bitten in her bed by fire ants. Once again, the Mississippi Court found that the deceased resident was an incidental, rather than a third-party beneficiary of a contract between a landscaping company and the nursing home. *Id.* at 1147. The Court concluded that the contract benefits flowed only to the nursing home and that the contract created no relationship between the landscaping company and any resident of the nursing home. *Id. See also Paulk v. Balboa Ins. Co.*, 2006 WL 1994864 (S.D.

Miss. 2006)(J. Louis Guirola relying on these two cases to reach the same result in a case strikingly similar to this one.).

The plaintiff argues that a Minnesota case, in which a homeowners insurance policy was force-placed, provides support for his claims as a third-party beneficiary. *See Hickman v. Safeco Ins. Co. of Am., et al.* 695 N.W.2d 365 (Minn. 2005). However, the policy at issue in *Hickman* covered both personal and real property, and specifically provided for adjustment of all personal property losses directly with the borrowers and provided that the borrowers also had rights in connection with the appraisal of any loss. *Id*. at 370-71. Under those circumstances, the court held that the borrower was a third party beneficiary of the insurance policy. Id., at 371. The policy at issue in this case has no coverage for personal property, no provision for payment of loss to the borrowers unless the loss is in excess of Select's interest in the property, and no right on the part of the borrower to participate in any adjustment of a loss.

The Fifth Circuit has also addressed the issue of a third-party contract beneficiary under Mississippi law. In *Gerard J.W. Bos & Co., Inc. v. Harkins & Co.*, 883 F.2d 379 (5th Cir.1989), the Court explained that in order "[t]o achieve the status of a third-party beneficiary and thereby avoid the requirement of contract privity, the Supreme Court of Mississippi has expressly held that the plaintiff must show that 'the condition which is alleged to have been broken was placed in the contract [between third parties] for his direct benefit.' " *Gerard*, 883 F.2d at 382 ( quoting *Ivey's Plumbing & Electric v. Petrochem Maint*., 462 F.Supp. 543, 549 (N.D.Miss.1978)). *See also Hume v. Evanston Ins. Co.* 2008 WL 5233415 (S.D. Miss. 2008)(J. Ozerden holding a that a property owner had no third-party beneficiary rights in a similarly force-placed single-interest insurance policy.)..

The plaintiff has failed to provide any evidence of a legal obligation or duty to him on the part of Balboa Insurance Company created by the insurance policy contract. The court concludes that any benefit to the plaintiff under this contract would be merely incidental, which is insufficient under Mississippi law to confer third-party beneficiary status. The plaintiff has therefore failed to show that there is a genuine issue of material fact for the jury regarding his status as third-party beneficiary.

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion for Summary Judgment **[#16]** filed on behalf of the defendant Balboa is granted and this matter is dismissed with prejudice and that any other pending motion is denied as moot.

SO ORDERED AND ADJUDGED this 7th day of May, 2009.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE